IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ADELE S. ANGELONE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MONARCH RECOVERY MANAGEMENT, INC. and ASSET ACCEPTANCE, LLC,<br><br>Defendants. | CIVIL ACTION NO.: 1:13-cv-00396-ML-PAS |

## ANSWER TO PLAINTIFF, ADELE S. ANGELONE'S CLASS ACTION COMPLAINT BY DEFENDANT, ASSET ACCEPTANCE, LLC

AND NOW, comes Defendant, Asset Acceptance, LLC ("Asset") by and through its undersigned counsel, Hinshaw & Culbertson LLP, and hereby answers the Class Action Complaint of Plaintiff, Adele S. Angelone ("Plaintiff"), averring as follows:

Admitted in part and denied in part. Asset admits that Plaintiff is attempting to plead an action individually and on behalf of a purported class of individuals residing in the State of Rhode Island against Asset and Monarch Recovery Management, Inc. ("Monarch") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") that allegedly occurred during Monarch's attempts to recover debts owed by Plaintiff and others to Asset, which were previously owed to Heritage First USA/Chase. Asset admits that Plaintiff seeks redress in the form of statutory damages, attorney fees, injunctive relief, declaratory relief, and other relief deemed proper by the Court. Asset denies any liability or wrongful conduct to the extent alleged in this paragraph. Asset denies that class treatment is available to Plaintiff or even appropriate in this instance. Asset denies that declaratory relief is available under the FDCPA, even by means of circumventing the FDCPA through the utilization of the Federal

Declaratory Judgment Act, 28 U.S.C. §§2201-02 (1976). To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. Unless otherwise admitted, Asset denies the allegations set forth in this paragraph.

## ANSWER TO INTRODUCTION

1. Admitted in part and denied in part. Asset admits that Plaintiff alleges that Asset violated the FDCPA through Monarch's attempts to recover the debts at issue which are attributable to both Plaintiff and the alleged members of the purported class at issue. Asset denies any liability or wrongful conduct to the extent alleged in this paragraph. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

## ANSWER TO PURPOSE AND REACH OF THE FDCPA

2. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

3. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

4. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

5. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

6. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

7. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

8. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

9. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

10. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

11. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

## ANSWER TO JURISDICTION AND VENUE

12. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

13. Admitted in part and denied. Asset admits that, at all times relevant to the claims asserted in the Complaint, the named Plaintiff in this matter resided in this District. Asset denies that it engaged in any business in the District, except and exclusively through means of interstate commerce. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

## ANSWER TO PARTIES

14. Admitted. Asset admits that, at all times relevant to the claims asserted in the Complaint, the named Plaintiff in this matter was a resident of Rhode Island.

15. Denied. The allegations in this paragraph are directed to a party other than Asset and are, therefore denied by Asset.

16. Admitted. Asset admits that it is a Limited Liability Company established under the laws of the State of Delaware.

## ANSWER TO APPLICATION OF THE FDCPA

17. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

18. Admitted in part and denied in part. Asset admits that Plaintiff incurred a debt to Heritage First USA/Chase. Asset is without sufficient knowledge, information or belief as to how Plaintiff incurred her - whether the debt at issue was incurred by Plaintiff primarily for family, personal or household purposes - therefore Asset denies these allegations and leaves Plaintiff and each member of her putative class to their respective burdens of proof. Unless otherwise admitted, Asset denies the allegations in this paragraph.

19. Denied. Asset denies these allegations as they are directed to a party other than Asset. Asset lacks sufficient information, knowledge or belief as to the truth or falsity of these allegations and, therefore Asset denies these allegations and leaves Plaintiff to her burden of proof.

20. Denied. Asset denies that it attempts to collect debt obligations owed by others and, as such, denies that it utilizes the mails to attempt to collect debt obligations. The remaining allegations contained in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

21. Denied. Asset denies that any collection attempts it made are at issue in this matter. To the extent that the allegations contained in this paragraph are directed to a party other than Asset, Asset denies these allegations and leaves Plaintiff to her burden of proof. The

remaining allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

22. Denied. Asset denies that it is in the business of debt collection and denies that it regularly attempts to collect debt obligations from persons who allegedly owe credit card debt to creditors. To the extent that the allegations contained in this paragraph are directed to a party other than Asset, Asset denies these allegations. Asset denies the remaining allegations contained in this paragraph and leaves Plaintiff to her burden of proof.

23. Denied. Asset denies that it is a debt collector, denies that it sends letters attempting to collect debts and denies that it attempted to collect a debt from Plaintiff. To the extent that the allegations contained in this paragraph are directed to a party other than Asset, Asset denies these allegations. Asset denies the remaining allegations contained in this paragraph and leaves Plaintiff to her burden of proof.

24. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

25. Denied. Asset denies that it sent Plaintiff any letters regarding the debt at issue and this matter and, therefore denies the allegations in this paragraph and leaves Plaintiff to her burden of proof. Asset further denies that it "routinely" sent letters to consumers in Rhode Island, as it does not engage in the business of attempting to collect debt obligations. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. Asset denies the remaining allegations contained in this paragraph and leaves Plaintiff to her burden of proof.

26. Denied. Asset denies that it sent Plaintiff any letters with the referenced language or substantially similar language and, therefore denies the allegations in this paragraph

5

and leaves Plaintiff to her burden of proof. Asset further denies that it "routinely" sent letters to consumers in Rhode Island, as it does not engage in the business of attempting to collect debt obligations as those terms have been defined. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. Asset denies the remaining allegations contained in this paragraph and leaves Plaintiff to her burden of proof.

27. Denied. Asset denies that it sent Plaintiff any letters with the referenced language or substantially similar language regarding the debt at issue and, therefore denies the allegations contained in this paragraph. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. The remaining allegations contained in this paragraph constitute conclusions of law and are denied as such. Monarch refers all questions of law to the Court.

28. Denied. Asset denies that it sent any letters as alleged in this paragraph, as it does not engage in the practice of attempting to collect debt obligations as those terms have been defined. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. Asset denies the remaining allegations contained in this paragraph and leaves Plaintiff to her burden of proof.

29. Denied. Asset denies that it sent any letters with the referenced language or substantially similar language as alleged in this paragraph, as it does not engage in the practice of attempting to collect debt obligations as those terms have been defined. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. Asset denies the remaining allegations contained in this paragraph and leaves Plaintiff to her burden of proof.

## ANSWER TO PLAINTIFF'S EXPERIENCE/FACTUAL ALLEGATIONS

30. Denied. Asset denies that it sent Plaintiff a letter as alleged in this paragraph. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. Asset denies the truth and veracity of the May 29, 2012 letter that Plaintiff has attached to her Class Action Complaint as Exhibit "A". The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any characterizations of the content of said writing are specifically denied by Asset. Asset denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

31. Denied. Asset denies that it sent Plaintiff a letter as alleged in this paragraph. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any characterizations of the content of said writing are specifically denied by Asset. Asset denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

32. Denied. Asset denies that it sent Plaintiff a letter as alleged in this paragraph. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any characterizations of the content of said writing are specifically denied by Asset. Asset denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

33. Denied. Asset denies that it sent Plaintiff a letter as alleged in this paragraph. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. Asset denies the truth and veracity of the July 3, 2012 letter that

Plaintiff has attached to her Class Action Complaint as Exhibit "B".  The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any characterizations of the content of said writing are specifically denied by Asset.  Asset denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

### ANSWER TO FDCPA VIOLATION
### IMPROPER VALIDATION/VERIFICATION NOTICE

34.     Admitted in part and denied in part.  Asset admits that Plaintiff has quoted a portion of 15 U.S.C. § 1692g(a) in this paragraph.  Asset denies any liability or wrongful conduct to the extent alleged in this paragraph.  Unless otherwise admitted, Asset denies the allegations in this paragraph.

35.     Admitted in part and denied in part.  Asset admits that Plaintiff has quoted a portion of 15 U.S.C. § 1692g(a)(4) in this paragraph.  Asset denies any liability or wrongful conduct to the extent alleged in this paragraph, specifically denying that it violated 15 U.S.C. § 1692g(a)(4).  Asset denies that it sent Plaintiff a letter as alleged in this paragraph.  To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations.  The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any characterizations of the content of said writing are specifically denied by Asset.  Asset denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

36.     Denied.  Asset denies that it sent Plaintiff a letter as alleged in this paragraph.  To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations.  The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any characterizations of the content of said writing are specifically denied

by Asset. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

37. Admitted in part and denied in part. Asset admits that Plaintiff has quoted a portion of 15 U.S.C. § 1692g(b) in this paragraph. Asset denies any liability or wrongful conduct to the extent alleged in this paragraph. Unless otherwise admitted, Asset denies the allegations in this paragraph.

38. Admitted in part and denied in part. Asset admits that Plaintiff has quoted a portion of 15 U.S.C. § 1692g(a)(4) in this paragraph. Asset denies any liability or wrongful conduct to the extent alleged in this paragraph. Unless otherwise admitted, Asset denies the allegations in this paragraph.

39. Denied. Asset denies that it sent Plaintiff a letter as alleged in this paragraph. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any characterizations of the content of said writing are specifically denied by Asset. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

40. Denied. Asset denies that it sent Plaintiff a letter as alleged in this paragraph. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any characterizations of the content of said writing are specifically denied by Asset. Asset denies violating the FDCPA, as alleged in this paragraph. The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

34368398v1 2123

## ANSWER TO FDCPA VIOLATION
## FALSE STATEMENTS AND FALSE THREATS

41.  Denied.  Asset denies that it sent Plaintiff a letter as alleged in this paragraph.  To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations.  The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any characterizations of the content of said writing are specifically denied by Asset.  Asset denies the remaining allegations contained in this paragraph and leaves Plaintiff to her burden of proof.

42.  Denied.  Asset denies that it sent Plaintiff a letter as alleged in this paragraph.  To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations.  The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any characterizations of the content of said writing are specifically denied by Asset.  Asset denies the remaining allegations contained in this paragraph and leaves Plaintiff to her burden of proof.

43.  Denied.  Asset denies that it sent Plaintiff a letter as alleged in this paragraph.  To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations.  The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any characterizations of the content of said writing are specifically denied by Asset.  Asset denies violating the FDCPA, as alleged in this paragraph.  Asset denies the remaining allegations contained in this paragraph and leaves Plaintiff to her burden of proof.

## ANSWER TO CLASS ACTION ALLEGATIONS

44.  Admitted in part and denied in part. Asset admits that Plaintiff attempts to assert a claim on behalf of herself and a theoretical class of individuals, pursuant to Fed.R.Civ.P. 23.

Asset admits that Plaintiff has provided a definition for her putative class, which includes all Rhode Island residents who received a letter substantially similar to the letters Plaintiff attached as Exhibits "A" and "B" to her Complaint, sent by Monarch in an attempt to collect a consumer debt obligations previously owed to Heritage First USA/Chase:

> All consumers whom Defendants' records reflect resided in the State of Rhode Island and who were sent a collection letter that attempted to collect a consumer debt, as that term is defined in the FDCPA, allegedly owed at one time to Heritage First USA/Chase, in substantially the same form as the letters attached as Exhibits "A" and "B", that included verification language that indicated: "If you notify this office in writing within 30 days from receiving this notice, ... " and not "If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, ... " and/or "The amount due on the day you pay may be greater as interest, late fees, and other charges may be added by the creditor", in the year prior to the filing of this Complaint, that the U.S. Postal Service did not return undelivered, that contained at least one of the alleged violations arising from Defendants' violations of the FDCPA as alleged in this Complaint.

Asset further avers that whether a debt is a "consumer" debt as defined by the FDCPA is a fact-specific and individualized inquiry, which makes class treatment inappropriate. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations.  Unless otherwise admitted, Asset denies the allegations in this paragraph.

45.    Admitted.  Asset admits that Plaintiff excludes the individuals identified in this paragraph from her putative class.

46.    Denied.  Asset denies that the alleged class is so numerous that joinder is impractical and further states that there is no numerosity.  Asset denies that the exact number of the purported class can he determined from its records.  To the contrary, Co-Defendant, Monarch's records will show that Plaintiff will not be able to satisfy the numerosity requirement under Fed.R.Civ.P. 23(a)(1).  Asset contends that such a class lacks any numerosity and Asset denies the remaining allegations set forth in this paragraph.

47. Denied. Asset denies that there exist questions of law and fact which are common to the alleged class and which predominate over questions affecting the individual members of the purported class, including the alleged common questions and issues stated in sub-paragraphs (a) through (f). Asset denies all allegations in this paragraph to the extent that they are directed to a defendant other than Asset. Asset denies the remaining allegations set forth in this paragraph.

48. Denied. Asset denies typicality as to the proposed class and a factual basis to the contrary is demanded of Plaintiff. Unless otherwise admitted, Asset denies the allegations set forth in this paragraph.

49. Denied. Asset denies that Plaintiff can fairly and adequately represent the interests of any other individual, including the unnamed members of the alleged class in this matter. Asset denies that Plaintiff or any of the unnamed members of the putative class at issue suffered any injuries as a result of Asset engaging Monarch to attempt to recover the debt at issue. Asset is without sufficient information to admit or deny that Plaintiff's counsel is experienced in handling class action lawsuits or whether or not Plaintiff or her counsel have any interest which might cause them to not vigorously pursue the action and, therefore Asset denies these assertions. Asset denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

50. Denied. Asset denies the allegations in this paragraph. To the contrary, class treatment is grossly inferior to individual treatment of the claims at issue. Additionally, class treatment would create gross inequities to those subjected to the class (to the extent such a class could exist). See e.g., Hyderi v. Wash. Mut. Bank, FA, 235 F.R.D. 390 (N.D. Ill. 2006) ("Precedent teaches that the availability of statutory damages plus the ability to recover attorneys' fees and costs provides substantial incentives to bring meritorious individual suits."); see also, 5

Moore's Federal Practice § 23.46[3][a] at 23-27 ("[I]f a claim is based on law that permits the prevailing party to recover the cost of litigation . . . a class action is less likely to be the superior method of proceeding").  Asset denies that there exist questions of law and fact which are common to the alleged class and which predominate over questions affecting the individual members of the purported class.  Asset denies that declaratory relief is available under the FDCPA, even by means of circumventing the FDCPA through the utilization of the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-02 (1976).  Asset further responds that it is clear that individual prosecution of claims under the FDCPA is superior to class treatment.  Asset denies the remaining allegations in this paragraph.

## ANSWER TO CAUSES OF ACTION

### ANSWER TO COUNT I VIOLATION OF THE FDCPA
### 15 U.S.C. § 1692g(A)(4)

51.    Admitted.  No response is required to this paragraph as Plaintiff is merely incorporating the allegations in prior paragraphs by reference.  To the extent that a response is deemed necessary, Asset incorporates its responses to paragraphs 1 through 50 as though fully set forth herein at length.

52.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

53.    Denied.  Asset denies violating the FDCPA, as alleged in this paragraph.  To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations.  Asset denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

### ANSWER TO COUNT II
### VIOLATION OF THE FDCPA
### 15 U.S.C. § 1692E, § 1692E(2)(A), § 1692E(5), AND § 1692E(10)

34368398v1 2123

54.     Admitted. No response is required to this paragraph as Plaintiff is merely incorporating the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, Monarch incorporates its responses to paragraphs 1 through 53 as though fully set forth herein at length.

55.     Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

56.     Denied. Asset denies that it sent Plaintiff a letter with the referenced language as alleged in this paragraph and, therefore, denies that it sent Plaintiff any letters as alleged in this paragraph. Asset denies violating the FDCPA, as alleged in this paragraph. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. Asset denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

57.     Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

58.     Denied. Asset denies that it sent Plaintiff a letter with the referenced language as alleged in this paragraph and, therefore, denies that it sent Plaintiff any letters as alleged in this paragraph. Asset denies violating the FDCPA, as alleged in this paragraph. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. Asset denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

59.     Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

60. Denied. Asset denies that it sent a letter with the referenced language as alleged in this paragraph and, therefore, denies that it sent Plaintiff any letters as alleged in this paragraph. Asset denies violating the FDCPA, as alleged in this paragraph. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. Asset denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

61. Denied. The allegations in this paragraph constitute conclusions of law and are denied as such. Asset refers all questions of law to the Court.

62. Denied. Asset denies that it sent a letter with the referenced language as alleged in this paragraph and, therefore, denies that it sent Plaintiff any letters as alleged in this paragraph. Asset denies violating the FDCPA, as alleged in this paragraph. To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations. Asset denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

34368398v1 2123

## ANSWER TO VIOLATION OF THE FDCPA
## 15 U.S.C. § 1692F

63.  Admitted.  No response is required to this paragraph as Plaintiff is merely incorporating the allegations in prior paragraphs by reference.  To the extent that a response is deemed necessary, Monarch incorporates its responses to paragraphs 1 through 62 as though fully set forth herein at length.

64.  Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Asset refers all questions of law to the Court.

65.  Denied.  Asset denies that it sent a letter with the referenced language as alleged in the paragraph and, therefore, denies that it sent Plaintiff any letters as alleged in this paragraph.  Asset denies violating the FDCPA, as alleged in this paragraph.  To the extent that the allegations in this paragraph are directed to a party other than Asset, Asset denies these allegations.  Asset denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

## ANSWER TO PLAINTIFF'S REQUEST FOR RELIEF

Asset admits that Plaintiff is seeking class certification, statutory damages, injunctive relief, declaratory relief, attorneys' fees and costs and other relief in her "Request for Relief" clause.  To the extent that the "Request for Relief" clause contains conclusions of law, Asset refers such questions to the Court.  To the extent that Plaintiff is suggesting that Monarch violated any law or is liable to Plaintiff, Asset denies same.  Monarch denies that class treatment is appropriate.  Asset denies that declaratory relief is available under the FDCPA, even by means of circumventing the FDCPA through the utilization of the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-02 (1976)

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead a claim against Asset upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Asset is not a "debt collector" as defined under 15 U.S.C. § 1692a(6), as it does not regularly collect or attempt to collect debts owed or due or asserted to be owed or due another. As such, the requirements of the FDCPA do not apply to Asset.

### THIRD AFFIRMATIVE DEFENSE

Asset's conduct in engaging Monarch with respect to Plaintiff's debt obligation did not violate the FDCPA. Therefore, Asset affirmatively states that Plaintiff's claims against it pursuant to the FDCPA lack any degree of viability and all claims against Asset should be dismissed or withdrawn.

### FOURTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Asset denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Asset.

### FIFTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Asset denies, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against Asset.

### SIXTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead an individual claim under the FDCPA, her entitlement to statutory damages is <u>capped</u> at $1,000 per action, not per violation *or* per defendant. See <u>Goodmann v. Peoples Bank, et al.</u>, 2006 US App. LEXIS 31555 (3rd Cir.

2006); Brown v. Law Offices of Butterfield, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); Mann v. Acclaim Fin Servs, 348 F. Supp. 2d 923 (S.D. Ohio 2004); Ganske v. Checkrite Limited, 1997 U.S. Dist. LEXIS 4345 (D. Wis. 1997); Wright v. Finance Service of Norwalk, Inc., 22 F. 3d 647 (6th Cir. 1994); Harper v. Better Business Services, Inc., 961 F.2d 1561 (11th cir. 1992); Donahue v. NFS, Inc., 781 F. Supp. 188 (W.D.N.Y. 1991); Wiener v. Bloomfield, 901 F. Supp. 771 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61 (E.D.N.Y. 1994); Beattie v. D.M. Collections, Inc., 764 F. Supp. 925 (D. Del. 1991); and Harvey v. United Adjusters, 509 F. Supp 1218 (D. Or. 1981).

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks sufficient numerosity of similarly situated persons to make a class action viable or practical.

**EIGHTH AFFIRMATIVE DEFENSE**

In the event that a class certification is granted, Plaintiff has failed to show that she is adequate to serve as a representative of the class.

**NINTH AFFIRMATIVE DEFENSE**

Class treatment is grossly inferior to individual treatment in this case.

**TENTH AFFIRMATIVE DEFENSE**

Common questions of law or fact do not overweigh the individual issues and preclude class treatment in this matter.

**ELEVENTH AFFIRMATIVE DEFENSE**

Declaratory or injunctive release is unavailable to private litigants for claims premised on the FDCPA. See Weiss v. Regal Collections, 385 F.3d 337, 341-42 (3d Cir. 2004); Sibley v.

Fulton Dekalb Collection Service, 677 F.2d 830, 834 (11th Cir. 1982)("The thrust of the [FDCPA] is prevention of harassment and abuse as well as false, deceptive or misleading practices…. equitable relief is not available to an individual under the civil liability section of the Act").

Therefore, Plaintiff's efforts to seek an injunction in the guise of a class recovery fails as a matter of law and should be withdrawn, stricken or dismissed.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff owes Asset $1,936. To the extent that Plaintiff succeeds as to her individual claims, Asset is entitled to a set off of the amount owed by Plaintiff to Asset ($1,936) against any recovery obtained by Plaintiff against Asset.

**WHEREFORE**, Defendant, Asset Acceptance, LLC respectfully requests this Honorable Court enter judgment in its favor, dismissing Plaintiff's Class Action Complaint and any and all other relief as the Court deems is just and equitable.

Respectfully submitted
ASSET ACCEPTANCE, LLC
By Its Attorneys,

*/s/ Ranen S. Schechner*
Ranen S. Schechner, No.: 6943
rschechner@hinshawlaw.com
Hinshaw & Culbertson LLP
321 South Main Street, Suite 301
Providence, RI 02903
Tel: 401-751-0842
Date: September 24, 2013        Fax: 401-751-0072

34368398v1 2123

## CERTIFICATE OF SERVICE

    I, Ranen S. Schechner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 24, 2013.

                                                  */s/ Ranen S. Schechner*
                                                  Ranen S. Schechner

34368398v1 2123