IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ADELE S. ANGELONE**,** individually and on behalf of all others similarly situated**,**<br><br>                                    Plaintiff,<br>     **vs.**<br><br>MONARCH RECOVERY MANAGEMENT, INC. and ASSET ACCEPTANCE, LLC,<br><br>                                    Defendants. | CIVIL ACTION NO.: 1:13-cv-00396-ML-PAS |

## ANSWER TO PLAINTIFF, ADELE S. ANGELONE'S CLASS ACTION COMPLAINT BY DEFENDANT, MONARCH RECOVERY MANAGEMENT, INC.

AND NOW, comes Defendant, Monarch Recovery Management, Inc. ("Monarch") by and through its undersigned counsel, Hinshaw & Culbertson LLP and hereby answers the Class Action Complaint of Plaintiff, Adele S. Angelone ("Plaintiff").   In support thereof, Monarch avers as follows:

Admitted in part and denied in part.  Monarch admits that Plaintiff is attempting to plead an action individually and on behalf of a purported class of individuals residing in the State of Rhode Island against Monarch and Asset Acceptance, LLC ("Asset") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") that allegedly occurred during Monarch's attempts to recover debts owed by Plaintiff and others to Asset, which were previously owed to Heritage First USA/Chase.  Monarch admits that Plaintiff seeks redress in the form of statutory damages, attorney fees, injunctive relief, declaratory relief, and other relief deemed proper by the Court.  Monarch denies any liability or wrongful conduct to the extent alleged in this paragraph.  Monarch denies that class treatment is available to Plaintiff or even appropriate in this instance.  Monarch denies that declaratory relief is available under the

1

FDCPA, even by means of circumventing the FDCPA through the utilization of the Federal Declaratory Judgment Act, 28 U.S.C. §§2201-02 (1976).  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations. Unless otherwise admitted, Monarch denies the allegations in this paragraph.

## ANSWER TO INTRODUCTION

1.      Admitted in part and denied in part.  Monarch admits that Plaintiff alleges that Monarch violated the FDCPA in the course of Monarch's efforts to recover the debts owed by Plaintiff and alleged members of the putative class.  Monarch denies any liability or wrongful conduct to the extent alleged in this paragraph.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Monarch refers all questions of law to the Court.

## ANSWER TO PURPOSE AND REACH OF THE FDCPA

2.      Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

3.      Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

4.      Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

5.      Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

6.       Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

7.      Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

8.      Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

9.      Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

10.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

11.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

## ANSWER TO JURISDICTION AND VENUE

12.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

13.     Admitted in part and denied.  Monarch admits that, at all times relevant to the claims in the Complaint, Plaintiff resided in this District.  Monarch denies that it engages in any business in the District, except and exlusively through means of interstate commerce.  The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Monarch refers all questions of law to the Court.

## ANSWER TO PARTIES

14.     Admitted.  Monarch admits, on information and belief, that Plaintiff was a resident of Rhode Island at all times relevant to the claims asserted in the Complaint.

15.     Admitted.  Monarch admits that it is a corporation located in the Commonwealth of Pennsylvania.

3

16.     Denied.   The allegations in this paragraph are directed to a party other than Monarch and are, therefore, denied by Monarch.

## ANSWER TO APPLICATION OF THE FDCPA

17.     Denied.   The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

18.     Admitted in part and denied in part.  Monarch admits that Plaintiff incurred a debt to Heritage First USA/Chase.  Monarch is without sufficient knowledge, information or belief as to how Plaintiff incurred her - whether the debt at issue was incurred by Plaintiff primarily for family, personal or household purposes - therefore Monarch denies these allegations and leaves Plaintiff and each member of her putative class to their respective burdens of proof.   Unless otherwise admitted, Monarch denies the allegations in this paragraph.

19.     Admitted in part and denied in part.  Monarch admits that it attempts to collect debts owed to others and admits that it uses the mails in the course of these efforts.   The remaining allegations in this paragraph constitute conclusions of law and are denied as such. Monarch refers all questions of law to the Court.

20.     Denied.   Monarch denies these allegations as they are directed to a party other than Monarch and Monarch lacks sufficient information, knowledge or belief as to the truth or falsity of these allegations.

21.     Admitted in part and denied in part.  Monarch admits that it attempted to recover a valid and delinquent debt owed by Plaintiff to Asset, which was previously owed by Plaintiff to Heritage First USA/Chase.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  The remaining allegations in this

34368396V1 2123

paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

22.     Admitted in part and denied in part.  Monarch admits that it continues to engage in the business of attempting to collect defaulted consumer debts from consumers who owe, *inter alia*, credit card debts.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

23.     Admitted in part and denied in part.  Monarch admits that, at times, its activities render it a debt collector as the terms is defined under 15 U.S.C. § 1692a(6) of the FDCPA.  Monarch denies that it unlawfully attempted to collect a debt obligation from Plaintiff or any other individual as alleged in this paragraph.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to his burden of proof.

24.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

25.     Denied.  Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.

26.      Denied.  Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.

27.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

34368396V1 2123

28.     Denied.  Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.

29.     Denied.  Monarch denies the allegations in this paragraph and leaves Plaintiff to her burden of proof.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.

### ANSWER TO PLAINTIFF'S EXPERIENCE/FACTUAL ALLEGATIONS

30.     Admitted in part and denied in part.  Monarch admits that its records reflect that it sent Plaintiff an initial collection letter, dated May 29, 2012, seeking to recover a valid and delinquent debt owed by Plaintiff to Asset, which was previously owed to Heritage First USA/Chase.  Monarch admits that Plaintiff attached a copy of the May 29, 2012 letter to her Class Action Complaint as Exhibit "A".  The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any efforts by Plaintiff to characterize the content of the letter are specifically denied by Monarch.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

31.     Denied.  The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any efforts by Plaintiff to characterize the content of the letter are specifically denied by Monarch.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

34368396V1 2123

32.     Denied.  The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any efforts by Plaintiff to characterize the content of the letter are specifically denied by Monarch.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

33.     Admitted in part and denied in part.  Monarch admits that its records reflect that Monarch sent Plaintiff a collection letter, dated July 3, 2012, in the course of its efforts to recover on Plaintiff's valid and delinquent debt obligation owed to Asset.  Monarch admits that Plaintiff attached a copy of the July 3, 2012 to her Class Action Complaint as Exhibit "B".  The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any efforts by Plaintiff to characterize the content of the letter are specifically denied by Monarch. To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

## ANSWER TO FDCPA VIOLATION
## IMPROPER VALIDATION/VERIFICATION NOTICE

34.     Admitted in part and denied in part.  Monarch admits that Plaintiff has quoted a portion of 15 U.S.C. § 1692g(a) of the FDCPA in this paragraph.  Monarch denies any liability or wrongful conduct to the extent alleged in this paragraph.  Unless otherwise admitted, Monarch denies the allegations in this paragraph.

35.     Admitted in part and denied in part.  Monarch admits that Plaintiff has quoted a portion of 15 U.S.C. § 1692g(a)(4) of the FDCPA in this paragraph.  Monarch denies any liability or wrongful conduct to the extent alleged in this paragraph, specifically denying that it violated 15 U.S.C. § 1692g(a)(4) during the course of its attempts to recover the valid and

34368396V1 2123

delinquent debt obligation owed by Plaintiff to Asset, which was previously owed to Heritage First URS/Chase.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Unless otherwise admitted, Monarch denies the allegations in this paragraph.

36.     Denied.  The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any efforts by Plaintiff to characterize the content of the letter are specifically denied by Monarch.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  The remaining allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

37.     Admitted in part and denied in part.  Monarch admits that Plaintiff has quoted a portion of 15 U.S.C. § 1692g(b) of the FDCPA in this paragraph.  Monarch denies any liability or wrongful conduct to the extent alleged in this paragraph.  Unless otherwise admitted, Monarch denies the allegations in this paragraph.

38.     Admitted in part and denied in part.  Monarch admits that Plaintiff has quoted a portion of 15 U.S.C. § 1692g(a)(4) of the FDCPA in this paragraph.  Monarch denies any liability or wrongful conduct to the extent alleged in this paragraph.  Unless otherwise admitted, Monarch denies the allegations in this paragraph.

39.     Denied.  Monarch denies that its May 29, 2012 letter violated the FDCPA, as alleged in this paragraph.  The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any characterizations of the content of said writing are specifically denied by Monarch.  To the extent that the allegation in this paragraph are directed to a party

34368396V1 2123

other than Monarch, Monarch denies these allegations.   Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

40.     Denied.  Monarch denies that it violated the FDCPA in the course of its efforts to collect the valid and delinquent debt owed by Plaintiff to Asset. To the extent that the allegation in this paragraph are directed to a party other than Monarch, Monarch denies these allegations. Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

## ANSWER TO FDCPA VIOLATION
## FALSE STATEMENTS AND FALSE THREATS

41.     Admitted in part and denied in part.  Monarch admits that its records reflect that Monarch sent Plaintiff an initial collection letter dated May 29, 2012 seeking to collect the valid and delinquent debt obligation owed by Plaintiff to Asset, which was previously owed to First Heritage USA/Chase.   The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any efforts by Plaintiff to characterize the content of the letter are specifically denied by Monarch.  To the extent that the allegation in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

42.     Admitted in part and denied in part.  Monarch admits that its records reflect that Monarch sent Plaintiff a collection letter dated July 3, 2012 seeking to collect the valid and delinquent debt obligation owed by Plaintiff to Asset, which was previously owed to First Heritage USA/Chase.   The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any efforts by Plaintiff to characterize the content of the letter are specifically denied by Monarch.  To the extent that the allegation in this paragraph are directed

to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

43.     Denied.   Monarch denies that its initial collection letter dated May 29, 2012 contained any statements that were false, deceptive or misleading, constituted unfair or unconscionable means to collect the debt at issue, violated the FDCPA or made any false representations to Plaintiff regarding the debt at issue.  The letter referenced in this paragraph is a writing, the content of which speaks for itself, and any efforts by Plaintiff to characterize the content of the letter are specifically denied by Monarch.  To the extent that the allegation in this paragraph are directed to a party other than Monarch, Monarch denies these allegations. Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

## ANSWER TO CLASS ACTION ALLEGATIONS

44.     Admitted in part and denied in part. Monarch admits that Plaintiff attempts to assert a claim on behalf of herself and a theoretical class of individuals, pursuant to Fed.R.Civ.P. 23.  Monarch admits that Plaintiff has provided a definition for her putative class, which includes all Rhode Island residents who received a letter substantially similar to the letters Plaintiff attached as Exhibits  "A" and "B" to her Complaint, sent by Monarch in an attempt to collect a consumer debt obligations previously owed to Heritage First USA/Chase:

> All consumers whom Defendants' records reflect resided in the State of Rhode Island and who were sent a collection letter that attempted to collect a consumer debt, as that term is defined in the FDCP A, allegedly owed at one time to Heritage First USA/Chase, in substantially the same form as the letters attached as Exhibits "A" and "B", that included verification language that indicated: "If you notify this office in writing within 30 days from receiving this notice, ... " and not "If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, ... " and/or "The amount due on the day you pay may be greater as interest, late fees, and other

charges may be added by the creditor", in the year prior to the filing of this Complaint, that the U.S. Postal Service did not return undelivered, that contained at least one of the alleged violations arising from Defendants' violations of the FDCPA as alleged in this Complaint.

Monarch further avers that whether a debt is a "consumer" debt as defined by the FDCPA is a fact-specific and individualized inquiry, which makes class treatment inappropriate. To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations. Unless otherwise admitted, Monarch denies the allegations in this paragraph.

45.    Admitted.  Monarch admits that Plaintiff excludes the individuals identified in this paragraph from her putative class.

46.    Denied.  Monarch denies that the alleged class is so numerous that joinder is impractical and further states that there is no          numerosity.  To the contrary, Monarch's records will show that Plaintiff will not be able to satisfy the numerosity requirement under Fed.R.Civ.P. 23(a)(1).  Monarch denies the remaining allegations in this paragraph.

47.    Denied. Monarch denies that there exist questions of law and fact which are common to the purported class and which predominate over questions affecting the individual members of the purported class, including the alleged common questions and issues stated in sub-paragraphs (a) through (f). Monarch denies all allegations in this paragraph to the extent that they are directed to a defendant other than Monarch.  Monarch denies the remaining allegations in this paragraph.

48.    Denied.  Monarch denies typicality as to the proposed class and a factual basis to the contrary is demanded of Plaintiff.   Unless otherwise admitted, Monarch denies the allegations in this paragraph.

34368396V1 2123

49.     Denied.   Monarch denies that Plaintiff can fairly and adequately represent the interests of any other individual, including the          unnamed members of the alleged class in this matter.  Monarch denies that Plaintiff or any of the unnamed members of the putative class at issue suffered any injuries as a result of Monarch's collection activities.  Monarch is without sufficient information to admit or deny that Plaintiff's counsel is experienced in handling class action lawsuits or whether or not Plaintiff or her counsel have any interest which might cause them to not vigorously pursue the action and, therefore Monarch denies these assertions. Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her proofs.

50.     Denied.   Monarch denies the allegations in this paragraph. To the contrary, class treatment is grossly inferior to individual treatment of the claims at issue.  Additionally, class treatment would create gross inequities to those subjected to the class (to the extent such a class could exist). See      e.g., Hyderi v. Wash. Mut. Bank, FA, 235 F.R.D.   390  (N.D.  Ill.  2006) ("Precedent teaches that the availability of statutory damages plus the ability to recover attorneys' fees and costs provides substantial incentives to bring meritorious individual suits."); see also, 5 Moore's Federal      Practice § 23.46[3][a] at 23-27 ("[I]f a claim is based on law that permits the prevailing party to recover the cost of litigation  . . . a class action is less likely to be the superior method of proceeding").  Monarch denies that there exist questions of law and fact which are common to the alleged class and which predominate over questions affecting the individual members of the purported class.  Monarch denies that injunctive relief is available under the FDCPA, even in the class context, as a clear matter of law.  Monarch further responds that it is clear that individual prosecution of claims under the FDCPA is superior to class treatment.  Monarch denies the remaining allegations in this paragraph.

## ANSWER TO CAUSES OF ACTION

### ANSWER TO COUNT I VIOLATION OF THE FDCPA

12

**15 U.S.C. § 1692g(a)(4)**

51.     Admitted.  No response is required to this paragraph as Plaintiff is merely incorporating the allegations in prior paragraphs by reference.  To the extent that a response is deemed necessary, Monarch incorporates its responses to paragraphs 1 through 50 as though fully set forth herein at length.

52.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

53.     Denied.  Monarch denies violating the FDCPA in the course of its efforts to recover the valid and delinquent debt obligation owed by Plaintiff.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

**ANSWER TO COUNT II**
**VIOLATION OF THE FDCPA**
**15 U.S.C. § 1692E, § 1692E(2)(A), § 1692E(5), AND § 1692E(10)**

54.     Admitted.  No response is required to this paragraph as Plaintiff is merely incorporating the allegations in prior paragraphs by reference.  To the extent that a response is deemed necessary, Monarch incorporates its responses to paragraphs 1 through 53 as though fully set forth herein at length.

55.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

56.     Denied.  Monarch denies violating the FDCPA during its attempts to recover the valid and delinquent debt obligation at issue in this matter.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.

13

Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

57.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

58.     Denied.  Monarch denies violating the FDCPA in the course of its efforts to recover the valid and delinquent debt obligation owed by Plaintiff to Asset.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

59.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

60.     Denied.  Monarch denies violating the FDCPA during its attempts to recover the valid and delinquent debt obligation owed by Plaintiff.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

61.     Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Monarch refers all questions of law to the Court.

62.     Denied.  Monarch denies violating the FDCPA during its attempts to recover the valid and delinquent debt obligation owed by Plaintiff to Asset.  To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations.  Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

34368396V1 2123

## ANSWER TO VIOLATION OF THE FDCPA
### 15 U.S.C. § 1692F

63.     Admitted.   No response is required to this paragraph as Plaintiff is merely incorporating the allegations in prior paragraphs by reference.   To the extent that a response is deemed necessary, Monarch incorporates its responses to paragraphs 1 through 62 as though fully set forth herein at length.

64.     Denied.   The allegations in this paragraph constitute conclusions of law and are denied as such.   Monarch refers all questions of law to the Court.

65.     Denied.   Monarch denies violating the FDCPA during its attempts to recover the valid and delinquent debt obligation at issue in this matter.   To the extent that the allegations in this paragraph are directed to a party other than Monarch, Monarch denies these allegations. Monarch denies the remaining allegations in this paragraph and leaves Plaintiff to her burden of proof.

## ANSWER TO PLAINTIFF'S REQUEST FOR RELIEF

Monarch admits that Plaintiff is seeking class certification, statutory damages, injunctive relief, declaratory relief, attorneys' fees and costs and other relief in her "Request for Relief" clause.   To the extent that the "Request for Relief" clause contains conclusions of law, Monarch refers such questions to the Court.   To the extent that Plaintiff is suggesting that Monarch violated any law or is liable to Plaintiff, Monarch denies same.   Monarch denies that class treatment is appropriate.   Monarch denies that declaratory or injunctive relief is available under the FDCPA.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead a claim against Monarch upon which relief may be granted.

34368396V1 2123

## SECOND AFFIRMATIVE DEFENSE

Monarch's conduct with respect to Plaintiff did not violate the FDCPA.   Therefore, Monarch affirmatively states that Plaintiff's claims against it pursuant to the FDCPA lack any degree of viability and all claims against Monarch should be dismissed or withdrawn.

## THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Monarch denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Monarch.

## FOURTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Monarch denies, was due to the affirmative actions and/or omission of Plaintiff or others and does not give rise to any claim of damages against Monarch.

## FIFTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead an individual claim under the FDCPA, her entitlement to statutory damages is capped at $1,000 per action, not per violation *or* per defendant.  See Goodmann v. Peoples Bank, et al., 2006 US App. LEXIS 31555 (3rd Cir. 2006); Brown v. Law Offices of Butterfield, U.S. Dist. LEXIS 9822 (E.D. Pa. 2004); Dowling v. Kucker Kraus & Bruh, LLP, 2005 U.S. Dist. LEXIS 1100 (S.D. NY. 2005); Mann v. Acclaim Fin Servs, 348 F. Supp. 2d 923 (S.D. Ohio 2004); Ganske v. Checkrite Limited, 1997 U.S. Dist. LEXIS 4345 (D. Wis. 1997); Wright v. Finance Service of Norwalk, Inc., 22 F. 3d 647 (6th Cir. 1994); Harper v. Better Business Services, Inc., 961 F.2d 1561 (11th cir. 1992); Donahue v. NFS, Inc., 781 F. Supp. 188 (W.D.N.Y. 1991); Wiener v. Bloomfield, 901 F. Supp. 771 (S.D.N.Y. 1995); Teng v. Metropolitan Retail Recovery, 851 F. Supp. 61 (E.D.N.Y. 1994); Beattie v. D.M.

34368396V1 2123

Collections, Inc., 764 F. Supp. 925 (D. Del. 1991); and Harvey v. United Adjusters, 509 F. Supp

1218 (D. Or. 1981).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks sufficient numerosity of similarly situated persons to make a class action

viable or practical.  Joinder is clearly not impractical.

## SEVENTH AFFIRMATIVE DEFENSE

In the event that a class certification is granted, Plaintiff has failed to show that she is

adequate to serve as a representative of the class.

## EIGHTH AFFIRMATIVE DEFENSE

Class treatment is grossly inferior to individual treatment in this case.

## NINTH AFFIRMATIVE DEFENSE

Common questions of law or fact do not overweigh the individual issues and preclude

class treatment in this matter.

## TENTH AFFIRMATIVE DEFENSE

Declaratory relief is unavailable to private litigants for claims premised on the FDCPA.

See Weiss v. Regal Collections, 385 F.3d 337, 341-42 (3d Cir. 2004); Sibley v. Fulton Dekalb

Collection Service, 677 F.2d 830, 834 (11th Cir. 1982)("The thrust of the [FDCPA] is prevention

of harassment and abuse as well as false, deceptive or misleading practices…. equitable relief is

not available to an individual under the civil liability section of the Act").

Therefore, Plaintiff's efforts to seek an injunction in the guise of a class recovery fails as

a matter of law and should be withdrawn, stricken or dismissed.

17

**WHEREFORE**, Defendant, Monarch Recovery Management, Inc. respectfully requests this Honorable Court enter judgment in its favor, dismissing Plaintiff's Class Action Complaint and any and all other relief as the Court deems is just and equitable.

Respectfully submitted
MONARCH RECOVERY MANAGEMENT, INC.
By Its Attorneys,


*/s/ Ranen S. Schechner*
Ranen S. Schechner, No.: 6943
rschechner@hinshawlaw.com
Hinshaw & Culbertson LLP
321 South Main Street, Suite 301
Providence, RI 02903
Tel: 401-751-0842
Date: September 24, 2013         Fax: 401-751-0072

## CERTIFICATE OF SERVICE

I, Ranen S. Schechner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 24, 2013.

*/s/ Ranen S. Schechner*
Ranen S. Schechner